UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GABRIELA CHAIRES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: 18-CV-05060 |
| | ) | |
| ALLIED INTERSTATE LLC, | ) | Judge Thomas M. Durkin |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION TO DISMISS

Defendant Allied Interstate LLC ("Allied"), by counsel, respectfully submits this Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

## CONFERRAL WITH PLAINTIFF'S COUNSEL

Pursuant to this Court's rules for motion practice, counsel for Allied conferred with Plaintiff's counsel regarding this Motion. Plaintiff opposes the relief requested.

## INTRODUCTION

After Plaintiff Gabriela Chaires ("Plaintiff") defaulted on her credit card account, the account was assigned to Allied for collection. Allied sent Plaintiff a letter explaining that the total amount owed on her account was $3,905.78. (Compl., Ex. C.) Included with the letter was an account ledger, which plainly set forth that the total amount due consisted solely of the principal balance on the account, and that no interest, fees, or other costs were included. (*Id.*) Plaintiff does not dispute that she owes this amount; instead, she alleges that because $0.00 in fees and collection costs were listed in the ledger, Allied somehow represented that it had a right to such fees and costs and could collect them at some point in the future, when "no such amounts were authorized."

But that assertion is plainly wrong, and Plaintiff's claims should be dismissed. Allied was not accruing any interest on Plaintiff's account and no collection fees or costs were added; and Allied plainly informed Plaintiff of this fact. As most courts that have addressed this precise issue have concluded, noting to a consumer that the amount owed includes "$0.00" in fees and costs is not a threat to include such fees in the future, but instead a clear and accurate statement of the total amount owed, and one that does not constitute a violation of the FDCPA as a matter of law. Only in Plaintiff's topsy-turvy world could Allied's assurance that it was not doing what it purportedly was not authorized to do be construed as a violation of federal law. Plaintiff's claims fail and should be dismissed with prejudice.

## ALLEGED FACTS

Plaintiff incurred and later defaulted on a credit card debt with Synchrony Bank, and the debt was placed with Allied for collection. (Compl., ¶¶ 10-11.) Allied sent Plaintiff a collection letter ("Letter") noting the amount owed on the debt, advising Plaintiff that it was attempting to collect on the defaulted debt, and informing Plaintiff how she could pay the debt. (Compl., Ex. C.) The letter also referred Plaintiff to the enclosed "Account Listing" for details regarding the debt. The Account Listing provides:

Account Listing

| Client | Principle Balance | Interest Placed | Interest Rate | Interest Added | Fees | Collection Costs | Amount Owed |
|---|---|---|---|---|---|---|---|
| XXXXXXXXXXXX9068 | $3905.78 | $0.00 | 0.000 % | $0.00 | $0.00 | $0.00 | $3905.78 |
| Totals | $3,905.78 | $0.00 | | $0.00 | $0.00 | $0.00 | $3,905.78 |

(Compl., Ex. C.)

2

Plaintiff alleges that by listing $0.00 in fees and collection costs, Allied falsely implied that "fees and collections might accrue if the debt is not quickly paid" and that "no fees or collection costs were ever going to be assessed." (Compl. ¶¶ 19-20.) Plaintiff alleges that this Account Listing, and specifically the statement that the amount owed includes $0.00 in fees and costs, violates the FDCPA. It plainly does not.

## ARGUMENT

To survive a Rule 12 (b)(6) motion to dismiss, a complaint must set forth enough facts to state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Twombly*, 550 U.S. at 555. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678. With this heightened pleading standard, a complaint must do more than set forth "labels and conclusions." *Id*.

**I.    Plaintiff's Claim Under Section 1692e of the FDCPA Fails Because the Letter Does Not Misrepresent or Falsely Threaten Anything.**

In assessing Plaintiff's FDCPA claim the Court must view the claims through the eyes of the "unsophisticated consumer." *See Fields v. Wilber Law Firm, P.C.*, 383 F.3d 562, 564 (7th Cir. 2004). The Court must assume that the unsophisticated consumer may be "uninformed, naïve, or trusting, but is not a dimwit, has rudimentary knowledge about the financial world and is capable of making logical deductions and inferences." *Lox v. CDA, Lt.*, 689 F.3d 818, 822 (7th Cir. 2012). In other words, courts ask "whether a person of modest education and limited commercial savvy would be likely to be deceived" by the collection

letter. *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1019 (7th Cir. 2014) (citation omitted).

The unsophisticated consumer standard is an objective one, and the Court must not entertain any bizarre, peculiar or idiosyncratic interpretations of collection letters. *See Durkin v. Equifax Check Serv., Inc.*, 406 F.3d 410, 414 (7th Cir. 2005). And statements or representations in a dunning letter cannot be deemed "confusing or misleading unless a significant fraction of the population would be similarly misled." *Pettit v. Retrieval Masters Creditors Bureau, Inc.*, 211 F.3d 1057, 1060 (7th Cir. 2000). In other words, courts ask "whether a person of modest education and limited commercial savvy would be likely to be deceived" by the collection letter. *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1019 (7th Cir. 2014) (citation omitted).

Plaintiff's FDCPA claims are meritless and typify the kind of objectively unreasonable interpretation of collection letters that courts have routinely rejected. Plaintiff alleges that including the notation of "$0.00" is misleading and deceptive because it is a "threat" to collect such fees and costs in the future. (Compl. ¶33.) While sometimes a question of fact, dismissal under Rule 12(b)(6) is appropriate where—like here—it is "apparent from a reading of the letter that not even a significant fraction of the population would be misled by it." *Zemeckis v. Glob. Credit & Collection Corp.*, 679 F.3d 632, 636 (7th Cir. 2012); *Boucher v. Fin. Sys. Of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018) (If the representations in question "plainly, on their face, are not misleading or deceptive," the Court may dismiss the case based on its own determination without looking at extrinsic evidence). Indeed, courts expect the unsophisticated consumer to read a collection letter literally, but not interpret it bizarrely or idiosyncratically. *Gruber v. Creditors' Prot. Serv.,*

4

*Inc.*, 742 F. 3d 271, 274 (7th Cir. 2014). To accept Plaintiff's argument that the Letter could possibly be deceptive, this Court would have to find that the statement that no collection costs or fees were added to Plaintiff's account necessarily implies that such fees and costs may be added in the future, which is nonsensical, and not supported by anything in the letter itself. Nowhere does the letter state Allied (or any other entity) will make any kind of adjustment to the balance due. Instead, the Letter is simply an accurate accounting of the balance due.

And notably, in a recent case involving the same facts and the same legal issues presented here, Judge Ellis, in dismissing an identical claim, held that "rather than making a false, misleading, or deceptive statement, the letter sets forth the amount due and provides an accounting of that amount, making it explicit that no part of the amount due includes interest or other charges." *Delgado v. Client Services, Inc.*, 2018 WL 1193741, at *3 (N.D. Ill. Mar. 7, 2018). Dispensing with the consumer's FDCPA claim, Judge Ellis explained that:

> To find otherwise places debt collectors between a rock and a hard place, where they cannot simply list the amount owed, for fear of being misleading, but likewise, cannot breakdown the amount into categories either, for fear of being misleading. Debt collectors would be damned if they do and damned if they don't. This is clearly not what Congress intended the FDCPA to do—essentially turn debt collectors into a modern-day version of Goldie Locks, who cast about searching for the letter that is just right, not listing too little information or too much. Indeed, Client Services has done precisely what the Seventh Circuit recommends by clearly itemizing the various components of the debt. *See Fields v. Wilber Law Firm, P.C.,* 383 F.3d 562, 566 (7th Cir. 2004)(simply stating the total debt without indicating that it included attorneys' fees and collection costs gives a false impression of the character of the debt, and noting "[o]ne simple way to comply with § 1692e and § 1692f in this regard would be to itemize the various charges that comprise the total amount of the debt.").

*Id*. *See also Dick v. Enhanced Recovery Co.*, 2016 WL 5678556, at *4 (E.D.N.Y. Sept. 28, 2016) (addressing identical method of itemization and explaining that the letter is

5

not false, deceptive, or misleading as a matter of law, noting that "the letter does not leave [the plaintiff] in doubt of the nature and legal status of the underlying debt; nor does it impede the consumer's ability to respond to or dispute collection"); *Jones v. Professional Finance Co., Inc.*, 2017 WL 6033547, at *2 (S.D. Fla. Dec. 4, 2017) (granting motion to dismiss identical claim and explaining that the letter "specifically shows there are no fees associated with the debt; that is the ordinary meaning of 0.00—none, zilch, nada"); *but see Wood v. Allied Interstate LLC*, 2018 WL 2967061 (N.D. Ill. June 13, 2018) (denying motion to dismiss because court was unable to determine whether a similar letter was deceptive or misleading as a matter of law).

Here, as in *Delgado*, there is plainly nothing deceptive or misleading about the Letter. It is perfectly in line with the Seventh Circuit's suggested language for collection letters in instances where a fixed amount is being collected. The Letter simply states the finite amount owed, informs Plaintiff that the debt has been assigned to Allied for collection by Synchrony Bank, and asks Plaintiff to make a payment. (Compl., Ex. C.) Thus, it complied with the requirements of the FDCPA.

And the enclosed Account Listing does not deviate or detract from this information. First, "[c]lassifying obligations in a way that helps consumers to understand what has happened cannot be condemned as a false statement about the debt's character." *Hahn v. Triumph Partnerships LLC*, 557 F.3d 755, 757 (7th Cir. 2009). And second, contrary to Plaintiff's assertion, this accounting breakdown complies with the FDCPA because it simply "itemizes the various charges that comprise the total amount of the debt." *Fields v. Wilber*

6

*Law Firm P.C.*, 383 F. 3d 562, 564 (7th Cir. 2004) (noting that itemizing charges is one way a debt collector complies with the requirement of the FDCPA).

Based on Seventh Circuit precedent, if a consumer has even the most basic understanding of finances and debts, and reads the Letter literally, she would not assume that listing "0.00" in fees and costs constitutes a threat to charge any fees and costs in the future. Instead, a plain and literal reading of the Letter reveals simply that there is a stated balance due and a breakdown of what constitutes that balance. There is no threat at all— express or implicit. Thus, the letter was not misleading or deceptive, and instead simply informed Plaintiff of the total amount owed. Plaintiff's claim fails and should be dismissed with prejudice.[1]

## CONCLUSION

Courts are empowered to serve as effective gatekeepers in determining whether a significant proportion of the population would be misled by a collection letter. This is especially critical where, as here, the Plaintiff requests the Court to interpret a letter in a bizarre and idiosyncratic fashion. Here, because Plaintiff cannot establish that the letter would mislead or threaten a significant fraction of the population, Defendant Allied Interstate LLC respectfully requests that this Court grant its Motion to Dismiss Plaintiff's

---

[1] And even if Plaintiff could otherwise state a claim under §1692e—which she cannot—she has failed to allege any "material" violation, which is required for liability under the FDCPA. *See Hahn v. Triumph Partnerships LLC*, 557 F.3d 755, 758 (7th Cir. 2009); *Donohue v. Quick Collect, Inc.*, 592 F. 3d 1027, 1034 (9th Cir. 2010) (citing *Hahn* and explaining that courts are not concerned "with mere technical falsehoods that mislead no one, but instead with genuinely misleading statements that may frustrate a consumer's ability to intelligently choose his or her response"). Here, there is nothing in the Letter that would frustrate Plaintiff's ability to decide whether to pay the debt or not. It clearly and simply states the amount Plaintiff owes and how she can pay it. (Comp., Ex C.) There is simply no allegation of any material violation of the Act.

Complaint, with prejudice, and award it any further relief that the court deems just and necessary.

                Respectfully submitted,

                ALLIED INTERSTATE LLC

                By: /s/ *Matthew O. Stromquist*
                   One of its Attorneys

Matthew O. Stromquist
Pilgrim Christakis LLP
321 North Clark Street, 26th Floor
Chicago, Illinois 60654
Ph. (312) 361-3457
mstromquist@pilgrimchristakis.com

8

**CERTIFICATE OF SERVICE**

  Matthew O. Stromquist, an attorney, certifies that on August 17, 2018, he electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all electronic filing participants.

                     */s/ Matthew O. Stromquist*